IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. PIERCE, an individual; DAWN M. PIERCE, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SIERRA, CALIFORNIA, a political subdivision of the State of California; OFFICE OF SHERIFF OF THE COUNTY OF SIERRA; JACOB ALLEN MURRAY, an individual,<br><br>　　　　　Defendants. | 2:11-cv-02280-GEB-EFB<br><br><u>ORDER MODIFYING STATUS (PRETRIAL SCHEDULING) ORDER</u> |

　　　　The status (pretrial scheduling) conference scheduled for hearing on October 15, 2012, is vacated since the parties' Joint Status Report filed on October 1, 2012 ("JSR") indicates the following Order should issue.

　　　　The Status (Pretrial Scheduling) Order filed on November 8, 2011, is amended as follows:

　　　　<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

　　　　The parties explain in the JSR that leave should be granted so that a party could be joined for the following reasons:

> Prior to discovery, this court dismissed defendant, Bradley Dempster, after allowing plaintiffs sixty (60) days to locate him. Plaintiffs were informed Mr. Dempster had moved from the Loyalton, California area and subsequent investigation failed to locate a new address. Accordingly, the court dismissed Mr. Dempster [without prejudice].

> Through discovery, it has been learned that Mr. Dempster may still be residing in the area of Loyalton, California. Further, Defendant Murray has testified the position that Mr. Dempster contributed to plaintiff's injuries by parking his vehicle in such a way as to block the vision of defendant, Jacob Murray, as he was entering the highway. The statute of limitations in this matter will not expire until November 6, 2012. Therefore, plaintiffs would ask to reserve the right to bring a motion to amend the complaint to re-name defendant Dempster on or before November 6, 2012.

(JSR 2:1-13.)

Plaintiffs have until November 6, 2012, to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to file the referenced amendment, after which time no further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown. The referenced motion concerning Bradley Dempster must be noticed for hearing on the Court's earliest available law and motion calendar.

ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiffs join Bradley Dempster pursuant to the leave given above, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

DISCOVERY

All discovery shall be completed by March 29, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to

2

1  discovery shall have been resolved by appropriate orders, if necessary,
2  and, where discovery has been ordered, the order has been complied with
3  or, alternatively, the time allowed for such compliance shall have
4  expired.
5        Each party shall comply with Federal Rule of Civil Procedure
6  26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on
7  or before January 31, 2013, and any contradictory and/or rebuttal expert
8  disclosure authorized under Rule 26(a)(2)(D)(ii) on or before February
9  28, 2013.

10                    MOTION HEARING SCHEDULE
11        The last hearing date for a motion is May 20, 2013, commencing
12  at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.
13        The parties are cautioned that an untimely motion
14  characterized as a motion in limine may be summarily denied.

15                    FINAL PRETRIAL CONFERENCE
16        The final pretrial conference is set for July 29, 2013, at
17  1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY
18  THE CASE for each party shall attend the final pretrial conference. In
19  addition, all persons representing themselves and appearing <u>in propria
20  persona</u> must attend the pretrial conference.
21        The parties are warned that **non-trial worthy issues could be
22  eliminated *sua sponte*** "[i]f the pretrial conference discloses that no
23  material facts are in dispute and that the undisputed facts entitle one
24  of the parties to judgment as a matter of law." <u>Portsmouth Square v.
25  S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

26
27  ─────────────────
28        [1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1   The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall estimate the length of trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999)("There is no requirement that the court hold a pretrial conference.").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on November 5, 2013.

Dated: October 10, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

4