1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES PIERCE, et al.,                    No.  2:11-cv-2280 GEB AC

12                 Plaintiffs,

13         v.                                   <u>ORDER</u>

14    COUNTY OF SIERRA, et al.,

15                 Defendants.

16

17

18              On May 29, 2013, the court held a hearing on plaintiffs' April 29, 2013 motion for

19    discovery.  Kurt Franke appeared for plaintiffs.  Kevin Kreutz appeared for defendants.  On

20    review of the parties' joint discovery statement and upon hearing the arguments of counsel, THE

21    COURT FINDS AS FOLLOWS:

22                    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

23    A.       <u>Facts Underlying Litigation</u>

24              On November 6, 2010, plaintiff James Pierce was driving his motorcycle in

25    Loyalton, California when he was struck by Deputy Sheriff Jacob Murray of the Sierra County

26    Sheriff's Office ("SCSO"), who was making a left turn.  Following an internal investigation, it

27    was determined that Murray caused the accident by failing to yield the right of way.  Pierce

28

suffered severe injuries as a result of the accident.  His current medical bills exceed $700,000.00, and he has been totally disabled from working by the accident.

B.     Procedural Background

Plaintiffs, citizens of Nevada, filed this action against the defendants on August 26, 2011 alleging diversity jurisdiction and setting forth seven causes of action: (1) Negligence; (2) Negligence Per Se (against Murray); (3) Negligence Per Se (against County); (4) Negligent Supervision; (5) Negligent Entrustment; (6) Vicarious Liability; and, (7) Loss of Consortium.

When plaintiffs attempted to serve defendant Murray, they learned that he had been assigned by SCSO as a "Resident Deputy" for the town of Verdi, California, which straddles California and Nevada, and that Murray rented an apartment in Nevada.  Accordingly, on September 11, 2011, plaintiffs also filed a complaint in the Sierra County Superior Court.  They then requested that this action be stayed while the parties conducted discovery on Murray's domicile for purposes of determining this court's jurisdiction.  Murray's jurisdiction was ultimately determined to lie in California, and this matter was set for trial.  ECF Nos. 31, 33, 36.

C.     Facts Underlying Discovery Dispute

1.     First Set of Requests

On March 16, 2012, while this case was pending in Sierra County Superior Court, plaintiffs served defendants with a Request for Production of Documents, seeking 23 categories of documents, including Murray's personnel and employment file; all documents or electronically stored information related to Murray's employment offer; all documents and electronically created or stored information concerning the November 2010 traffic accident between James Pierce and Murray; all documents, photographs and electronically created or stored information representing or related to the results of drug and alcohol testing done of Murray in the fourteen days before and after the accident; and all documents and other information representing or related to investigations, suspensions, disciplinary actions and proceedings conducted or imposed as a result of the accident.

In their response to the discovery requests, defendants stated the following: "Objection. The request seeks production of confidential peace officer personnel records. (See

2

1  Cal. Penal Code § 832.7; <u>Pitchess v. Superior Court</u> (1974) 11 Cal.3d 531.)"  To some of these

2  requests, defendants interspersed objections of relevancy or privacy.

3     After meeting and conferring with plaintiff, defendants amended their responses

4  by dropping most relevancy objections, but continuing to object pursuant to <u>Pitchess</u> and section

5  832.7.  Defendants also created a privilege log ("Privilege Log I") identifying three documents:

6  (1) Jacob Murray's Confidential Profile Report produced on March 30, 2012; (2) a December 4,

7  2010 letter from Sergeant Jim Concannon to Deputy Jacob Murray; and (3) a July 14, 2011

8  property damage report.

9     2. <u>Second Set of Requests</u>

10     On March 6, 2013, plaintiffs sent a second set of requests to defendants.  <u>See</u> J.S.

11  re Disc. at 7, 17-18.  To each of these requests, defendants responded as follows:

12     Defendant objects on the ground that it seeks records contained in
13     Defendant Jacob Murray's personnel file which is privileged and
   confidential under California law and protected under the right of
14     privacy under state and federal law; and, in part, protected by the
   privacy protections under HIPPA. Defendant further objects to the
15     extent the request seeks records relating to events after the accident
   on November 6, 2010, as such discovery is not reasonably
16     calculated to lead to the discovery of admissible evidence ...
   [sentence repeated] (sic). Without waiving said objections
17     Defendant produces a Privilege Log listing responsive but withheld
   documents.

18  Defendants also produced a second Privilege Log ("Privilege Log II"), which identified the

19  following documents:

20     (1) Manual Acceptance dated 4/29/11, signed by Murray;

21     (2) a performance improvement plan, 11/22/11—3/10/12;

22     (3) EVOC Defensive Driving (AAA Driver Improvement
23     Program), 1/26/11;

24     (4) personnel action, dated 3/25/10 (appointment to Reserve Deputy
   Sheriff II);

25     (5) personnel action, dated 10/10/10 (new hire Reserve to full-time
26     Deputy);

27     (6) personnel action, dated 10/10/11 (merit step increase);

28     (7) personnel action, dated 4/7/12 (probationary release);

3

(8) injury or damage by county personnel, 11/6/10 (accident with plaintiff);

(9) injury or damage by county personnel, 11/18/10 (incident with deer);

(10) injury or damage by county personnel, 11/5/11 (incident with tree);

(11) drug test, 5/12/10;

(12) intoxicant testing (alcohol), 11/6/10;

(13) drug test, 11/6/10 (negative result);

(14) intoxicant testing (random test), 10/20/11;

(15) intoxicant testing (post-accident test), 11/5/11;

(16) evaluation reports dated 2/1/11, 5/1/11, 1/31/12;

(17) pre-employment medical history questionnaire, 1/13/10;

(18) pre-employment medical examination, 2/16/10.

See Franke Decl., Ex. 6.

## DISCUSSION

Regarding the choice of state and federal law in a federal action, the rule is as follows: if federal claims are asserted, federal law controls; if state claims are asserted (as in a diversity action), state law controls; in a case with mixed federal and state claims, federal law is controlling.  California law governs privilege matters in this diversity litigation.  First Pacific Networks, Inc. v. Atlantic Mutual Ins. Co., 163 F.R.D. 574, 577 (N.D. Cal. 1995).

However, matters going to discovery procedural issues are entirely federal in nature.  See Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Federal Civ. Pro. Before Trial § 1:284 (2013).  "Though a federal court in a diversity action is to apply the substantive law of the forum in which it sits, discovery, as a procedural matter, is governed in a federal court only by the Federal Rules of Civil Procedure and state discovery practices are irrelevant.  See 8 Wright & Miller, Federal Practice and Procedure: Civil § 2005 (1970)."  American Ben. Life Ins. Co. v. Ille, 87 F.R.D. 540, 542 (D.C. Okl. 1978).  See also Eureka Financial Corp v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 182 (E.D. Cal. 1991); see Fed. R. Civ. P. 26(b)(5).  Determination of

4

1   relevance, for example, is a federal matter.

2   A <u>Pitchess</u> motion is the procedural method established in <u>Pitchess v. Superior</u>

3   <u>Court</u>, 11 Cal.3d 531 (Cal. 1974), and later codified by California Penal Code § 832.7, which

4   provides that "peace officer or custodial officer personnel records and records maintained by any

5   state or local agency pursuant to Section 832.5, or information obtained from these records, are

6   confidential and shall not be disclosed in any criminal or civil proceeding except by discovery

7   pursuant to Sections 1043 and 1046 of the Evidence Code."

8   The asserted "police officer personnel file" privilege, however, is not absolute.

9   Further, to the extent the protections of Cal. Pen. Code § 832.7 and "Public Safety Officers

10   Procedural Bill of Rights Act," Cal. Gov't Code §§ 3301–3310, apply in this case, they do not,

11   per se, prohibit disclosure of such records.  Moreover, the procedures regarding disclosure of

12   police officer personnel files (i.e., Cal. Pen. Code § 832.7; Cal. Evid. Code §§ 1034, et seq.), do

13   not supplant federal rules of procedure.  In regard to relevance, which is determined by federal

14   law, Rule 26(b) states:

15
16
17
18
19
> Unless otherwise limited by court order, parties may obtain
> discovery regarding any non-privileged manner that is relevant to
> any party's claim or defense—including the existence, description,
> nature, custody, condition, and location of any documents or other
> tangible things . . .  For good cause, the court may order discovery
> of any matter relevant to the subject matter involved in the accident.
> Relevant information need not be admissible at the trial if the
> discovery appears reasonably calculated to lead to the discovery of
> admissible evidence.

20   Fed. R. Civ. P. 26(b).

21   California Evidence Code § 1040 provides:

22
23
24
> (a) As used in this section, "official information" means
> information acquired in confidence by a public employee in the
> course of his or her duty and not open, or officially disclosed, to the
> public prior to the time the claim of privilege is made.

25
26
> (b) A public entity has a privilege to refuse to disclose official
> information, and to prevent another from disclosing official
> information, if the privilege is claimed by a person authorized by
> the public entity to do so and:

27
28
> (1) Disclosure is forbidden by an act of the Congress of the
> United States or a statute of this state; or

5

1    (2) Disclosure of the information is against the public
interest because there is a necessity for preserving the
2    confidentiality of the information that outweighs the necessity for
disclosure in the interest of justice; but no privilege may be claimed
3    under this paragraph if any person authorized to do so has
consented that the information be disclosed in the proceeding. In
4    determining whether disclosure of the information is against the
public interest, the interest of the public entity as a party in the
5    outcome of the proceeding may not be considered.

6    Disclosure requires "good cause," (Cal. Evid. Code § 1043), relevance, and

7    unavailability by other means (Cal. Evid. Code § 1045).

8    On review, the undersigned finds good cause for production of the records

9    requested.  Most of the documents are clearly relevant because it has been determined that

10   Murray caused the accident, and therefore any facts related to Murray's propensity to cause an

11   accident, as well the SCSO's awareness of those facts, are at issue.  Additionally, the remaining

12   documents are relevant as they are likely to lead to the discovery of admissible evidence.  Finally,

13   the records are unavailable by other means.

14   Accordingly, IT IS HEREBY ORDERED that:

15   1.    Plaintiffs' motion for discovery (ECF No. 37) is granted;

16   2.    Defendants shall produce all documents responsive to plaintiffs' requests,

17         including Murray's personnel file, within twenty-one days from the date of this

18         order; and

19   3.    No later than June 10, 2013, the parties shall submit a Stipulation for Protective

20         Order governing the use of confidential documents in this case.[1]

21   DATED: June 3, 2013

22   _____
     ALLISON CLAIRE
23   UNITED STATES MAGISTRATE JUDGE

24   /mb;pier2280.disc

25

26

27

28

---

[1] The court desires that the parties reach agreement on the terms of a protective order.  If the
parties cannot agree, they may submit a joint motion as to any disputed issues.