**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Stephen E. Horan, SBN 125241
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants: COUNTY OF SIERRA AND JACOB ALLEN MURRAY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. PIERCE, an individual; DAWN M. PIERCE, an individual, | CASE NO. 2:11-CV-02280-GEB-EFB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF SIERRA, CALIFORNIA, a political subdivision of the State of California; OFFICE OF SHERIFF OF THE COUNTY OF SIERRA; JACOB ALLEN MURRAY, an individual; BRAD S. DEMPSTER, an individual; and DOES 1 through 100, inclusive, | Complaint Filed: August 26, 2011 |
| Defendants. | |

Defendants COUNTY OF SIERRA and JACOB ALLEN MURRAY (collectively hereafter "Defendants"), in good faith believe that certain records and transcripts relevant to the above-captioned case contain information that is: (1) protected from normal civil discovery rules of disclosure pursuant to California Penal Code, section 832.7 *et seq.*; (2) confidential, sensitive, or potentially invasive of an individual's privacy rights; (3) not generally known; and (4) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to retain the information in confidence.

These confidential documents include but are not limited to:

1) Documents produced by defendants pursuant to the court's Order, dated June 3, 2013.

While Plaintiffs' counsel does not stipulate that all information and documents identified by Defendants' counsel necessarily merit such protection, Plaintiffs have no interest in disseminating to the general public or using such information outside the uses that are necessary and proper within the confines of this action and any appeals therein.

**IT IS HEREBY STIPULATED** by, among and between the parties through their counsels of record, that the document described herein may be designated as Confidential by the parties and be subject to the following protective order:

1. The disclosed documents shall be used solely in connection with the civil case <u>Pierce, et al. v. County of Sierra, et al.</u>, Case No. 2:11-CV-02280-GEB-EFB (U.S. District Court, Eastern District of California) and in the preparation and trial of the cases or any related proceeding. Defendants do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2. Records or transcripts designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) Terence J. Cassidy, Stephen E. Horan and associate attorneys in their offices, as counsel for Defendants COUNTY OF SIERRA and JACOB ALLEN MURRAY in the case designated above;

(b) Kurt Franke, as counsel for Plaintiffs in the case designated above and his clients, provided that such review by Plaintiffs occurs in the presence of their counsel of record and that Plaintiffs are not provided with or allowed to maintain a copy, electronic or otherwise, of any documents designated by the Defendants as subject to this protective order;

(c) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subparts (a), (b) and (c) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(d) The Court, its personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

(e) Any expert, consultant or investigator retained in connection with this action;

(f) The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel; and,

(g) Any person called to testify as a witness either at deposition or court proceeding in the action.

3. Prior to the disclosure of any Confidential information to any person identified in paragraph 2 and it subparts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order. Upon reading this Stipulated Protective Order, such person shall acknowledge that he or she has read this Stipulated Protective Order and agrees to abide by its terms. Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The attorneys designated in subparts (a) and (b) of Paragraph 2 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. The Defendants may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that any of the other parties to this actions, or agents thereof, have breached the terms of the Stipulated Protective Order.

5. As to all records or transcripts designated as "Confidential" pursuant to this Stipulated Protective Order, the parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141. If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141.

6. If the parties do not agree that information or materials labeled "Confidential" are not, in fact, confidential, the party claiming confidentiality may apply to the Court for an order declaring the material confidential. Prior to applying to the Court for such an order, the party seeking to classify Confidential information shall meet and confer with the objecting party. So long as the party claiming confidentiality moves the Court within fourteen (14) days of a challenge to the designation, after the date of the meet and confer, the information in question shall continue to be treated according to its

designation under the terms of this Stipulated Protective Order until the matter is resolved by the parties or the Court. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

    7.    Copies of Confidential Documents

The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

    (a)    If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Stipulated Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

    8.    Notwithstanding the provisions of Paragraph 2, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

    9.    Should any information designated confidential be disclosed to individuals not referenced in this stipulation, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order referenced in this Stipulation, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

    10.    No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order. In addition, any information that is designated confidential and produced by the Defendants does not lose its confidential status.

11. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential, and if filed with the Court shall remain under seal. All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for Defendants. "Conclusion" of this litigation means a termination of the case following a judgment.

12. No later than thirty (30) days after settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the Defendants.

13. If any party appeals a jury verdict or order terminating the case, counsel for the Defendants shall maintain control of all copies of confidential documents. If following an appeal the district court reopens the case for further proceedings, the documents shall be returned to counsel for the other parties.

14. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

15. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

///
///
///
///
///
///
///
///

| | |
|---|---|
| Dated:  June 10, 2013 | LAW OFFICES OF KURT A. FRANKE |
| | |
| | By    /s/ Kurt A. Franke |
| |      Kurt A. Franke |
| |      Attorney for Plaintiffs |
| |      JAMES J. PIERCE and |
| |      DAWN M. PIERCE |
| | |
| Dated:  June 10, 2013 | PORTER SCOTT |
| | A PROFESSIONAL CORPORATION |
| | |
| | By    /s/ Stephen E. Horan |
| |      Terence J. Cassidy |
| |      Attorney for Defendants |
| |      COUNTY OF SIERRA and |
| |      JACOB ALLEN MURRAY |

### **ORDER**

The Stipulated Protective Order filed by the parties is hereby approved.

**IT IS SO ORDERED.**

Dated: June 10, 2013

ALLISON CLAIRE
United States Magistrate Judge
Eastern District of California